SIDNEY FRIEDMAN, Plaintiff-Appellee, *v.* 5424 CORNELL CORPORATION *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 77-43

Opinion filed September 27, 1978.

Fein & Hanfling, of Chicago, for appellants.

Gaines & Boyer, of Chicago (Alan I. Boyer, of counsel), for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Sidney Friedman, the purchaser of real estate from the defendant, 5424 Cornell Corporation, brought this action for specific performance. After hearing evidence the trial court ordered the 5424 Cornell Corporation to execute a deed in favor of the plaintiff. Donald Geller filed an answer asserting he was impleaded as a defendant. However, the record does not contain an order permitting him to be impleaded nor does it contain any pleading addressed to him. An appeal is taken from that order.

The contract, articles of agreement for warranty deed dated February 28, 1961, provided that when the purchase price was reduced to $175,000 and the purchaser was in compliance with all other terms and conditions of the contract, the seller was to convey a warranty deed subject to a purchase money mortgage. The defendant contends that the plaintiff is not entitled to specific performance because he did not comply with the terms and conditions of the contract relating to taxes and repairs.

The contract provided that the purchaser shall deposit with the seller "on the first day of each calendar month commencing March 1, 1961, one-twelfth of the amount of the general real estate taxes paid during the preceding calendar year. The aggregate of such monthly deposit shall be used, *pro tanto*, by said person for the payment from year to year, of the general real estate taxes, as the same become due and payable." Defaults

in making the tax deposits were to be treated in the same manner as a default in the payment of the monthly installments. The contract further provided that the purchaser agreed to keep the premises in good repair according to applicable statutes and to comply with all laws, ordinances and regulations relating to the operation of the property.

On the issue of taxes, the testimony shows that when the preceding years' taxes were paid in August or September, the tax escrow account was depleted. The defendants contend that at that time almost three-fourths of the current year's taxes should already be deposited in the escrow account for payment of those taxes one year later. Geller testified that he kept the records since 1971 and did not know what was the practice of paying monthly tax deposit prior to that time. In approximately February 1974 he met with the plaintiff's attorney and requested that they bring the tax account up to date. The record does not reveal what, if anything, transpired after this request. On February 1, 1976, a letter was sent to the plaintiff's attorney asking that the real estate tax escrow be brought up to date. At the time the 1975 taxes were to be paid in August 1977, the tax escrow account had a deficit balance of $79.95.

The plaintiff testified that since the inception of the contract in 1961 to the present time there had never been a deficiency in the tax escrow account. He stated he had no knowledge of any notice that there was a deficiency in the tax deposit.

The court found that, notwithstanding the language of the contract, the parties had proceeded on the basis that the amounts in the tax escrow account were substantially equal to the tax payment. The defendant's request, the judge observed, was that escrow amounts be deposited so that there would be substantially more than necessary for the payment of taxes when they became due. The court stated that it would reform any such contract "so that the payments which were made were designed to put the security holder in a position where when the taxes become due, there is sufficient money to pay them."

The granting of specific performance rests on sound judicial discretion to be determined by the facts and circumstances of each individual case. (*Schiff v. Brietenbach* (1958), 14 Ill. 2d 611, 153 N.E.2d 549.) In *Fagan v. Rootberg* (1926), 320 Ill. 586, 151 N.E. 491, the plaintiff sought specific performance of a contract to purchase an apartment house from the defendants. The defendants claimed that the contract was breached because the plaintiffs took possession of the property before they were entitled to do so. The master in chancery found that to be a fact but that it did not deprive them of their right to specific performance. In considering whether the action of the plaintiffs forfeited the right to specific performance, the court said that in contract law once a contract is

established as valid, the rights of the parties become absolute and in absence of a breach going to the essence of it, the contract will be enforced. See 5A Corbin on Contracts §1176 (1964).

■■ In the case at bar the court was within its discretion in finding that the breach of the tax escrow provision of the contract did not go to the essence. The purpose of the contract was to provide security for the seller. As the court noted, substantially more was being requested than was necessary to be on deposit for the payment of taxes. The plaintiff's nonperformance was comparatively slight and unimportant.

■■ The defendants also contend that there are in existence building code violations which have never been corrected. The only testimony on this matter, however, was from Sidney Friedman, the plaintiff, who testified that all violations had been corrected. The court found that this was so and there is no indication in the record that the finding was in error.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.